UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JOHNATHAN LADIG, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:18-CV-311 PPS |
| JEFFERY K. RICHWINE, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Johnathan Ladig, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Ladig complains that, during an eighteen-day term of disciplinary segregation, he was only able to obtain six hours of sleep per night due to hourly loudspeaker announcements and lights throughout the rest of the day. He also complains that he

was denied access to telephones, television, radio, commissary, church, and recreational activities and that he was required to be in his cell for twenty-three hours per day.

Ladig alleges that the conditions of his confinement during his time in disciplinary segregation were unconstitutional. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). However, "[t]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "Therefore, extreme deprivations are required to make out a conditions-of-confinement claim." *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001).

Here, the sleep-related conditions are the only conditions described by Ladig that relate to life's necessities. *See Garrett v. Thaler*, 560 F. App'x 375, 379 (5th Cir. 2014) (holding that sleep is a basic life necessity); *Walker v. Schult*, 717 F.3d 119, 126 (2d Cir. 2013) (same). However, courts that have specifically considered claims asserting that prison conditions permitting only six hours of sleep are unconstitutional have not allowed such claims to proceed. *See e.g., Reynolds v. Herrington*, 2014 WL 1330190, at *4 (W.D. Ky. 2014); *Allen v. Hardy*, 2012 WL 5363415, at *8 (N.D. Ill. 2012); *Pratt v. New Hampshire Dep't of Corr.*, 2006 WL 995121, at *15 (D.N.H. 2006); *Alger v. Werner*, 391 F. Supp. 1051, 1052 (M.D. Pa. 1974). Additionally, in this case, Ladig spent a relatively

short period of time in disciplinary segregation, and Ladig does not suggest that the inability to sleep for more than six hours resulted in any other harm. Therefore, the complaint does not state an unconstitutional conditions of confinement claim.

Ladig also vaguely asserts that his First Amendment rights were violated. In the context of the First Amendment, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Kaufman v. McCaughtry*, 419 F.3d 678, 682–83 (7th Cir. 2005). Considering that Ladig was denied access to mail, telephones, and church for disciplinary reasons and for only eighteen days, the complaint does not state a claim under the First Amendment.

I conclude that Ladig's complaint does not state a claim, but I will nevertheless give him the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved form - Prisoner Complaint (INND Rev. 8/16) - is available upon request from the jail law library. However, merely because he is permitted to file an amended complaint is not a reason for him to do so. Ladig should file an amended complaint only if he believes that he has a meritorious federal claim. If he chooses to file an amended complaint, he must put the cause number of this case which is on the first page of this order. He should name the individuals responsible for his claims as defendants and must describe his interactions with each defendant in detail, including names, dates, locations, and explain how each defendant

was responsible for subjecting him to inhumane conditions or for otherwise violating his constitutional rights.

For these reasons, the court:

(1) GRANTS Johnathan Ladig until <u>June 11, 2018</u>, to file an amended complaint; and

(2) CAUTIONS Johnathan Ladig that, if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

SO ORDERED on May 10, 2018.

/s/ Philip P. Simon<br>
Judge<br>
United States District Court